UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER SHAPARD,

                       Plaintiff,

      -v-

JOHN ATTEA, et al.,

                       Defendants.

DECISION AND ORDER
08-CV-6146 CJS

---

## INTRODUCTION

Pursuant to 42 U.S.C. § 1983, the Plaintiff, a former inmate in the New York State Department of Correctional Services ("DOCS") at Wende Correctional Facility ("Wende"), is suing the following current or former DOCS employees: Corrections Officer Robert Kyle ("Kyle"), Corrections Officer John Attea ("Attea"), Corrections Officer Edwin Mendez ("Mendez"), Hearing Officer Thomas Schoellkopf ("Schoellkopf"), Director of Special Housing and Inmate Discipline Donald Selsky ("Selsky"), Lieutenant Al Herdzik ("Herdzik"), Superintendent Anthony Zon ("Zon"), Captain Martin Kearney ("Kearney") and Superintendent Robert Kirkpatrick ("Kirkpatrick").

Plaintiff is proceeding *pro se* and has been granted leave to proceed *in forma pauperis.* Now before the Court is the Plaintiff's Motion to Appoint Counsel. [#21] For the reasons stated below, the application is denied.

## BACKGROUND

On May 16, 2005, Plaintiff was an inmate at Wende, where all Defendants except Selsky were employed. On that date, Plaintiff was confined to the Special

Housing Unit ("SHU"), where he witnessed Kyle, Mendez, and Attea extract a hearing-disabled inmate from his cell. Plaintiff verbally intervened in the extraction, leading to a verbal exchange between himself and the officers. On or about May 16, 2005, Plaintiff filed a harassment complaint with the Inmate Grievance Record Coordinator, citing the exchange and claiming to have been threatened with harm by Herdzik and Attea.

On May 27, 2005, Plaintiff was released from SHU and assigned to the B-Block housing unit of Wende, where he was under the supervision of Kyle, Mendez, Attea and Herdzik. Prior to this transfer, Plaintiff asked Zon, Kearney and Kirkpatrick to place him in a different housing unit, since he feared retaliation. These requests were denied.

On June 7, 2005, Plaintiff alleges that Attea, Mendez and Kyle attacked him without provocation. Plaintiff suffered a concussion, as well as several contusions and lacerations. On June 7, 2005, Plaintiff filed a complaint with defendant Zon regarding the incident, claiming that the three officers had attacked him.

On June 8, 2005, Plaintiff received a misbehavior report, charging him with assault on staff and refusing a direct order. Plaintiff was also criminally charged with assault. With respect to the misbehavior report, Plaintiff attended a Tier III disciplinary hearing conducted by Schoellkopf, who assisted Plaintiff in his collection of documents and witness testimony, after Plaintiff complained about the inferior service provided by his assigned employee assistant. Schoellkopf found Plaintiff guilty and sentenced him to two years in SHU, as well as two years loss of privileges and good time credit. This decision was subsequently upheld on appeal by defendant Selsky, though he reduced the sentence to one year in each category. Eventually, though, the Commissioner of DOCS reversed the finding and expunged Plaintiff's record. However, Plaintiff pled

guilty to the criminal charge of Assault Second Degree and was sentenced, as a persistent felony offender, to a prison term of fifteen years to life.

In this subject action, Plaintiff claims that Kyle, Attea and Mendez used excessive force against him; that Kyle, Attea, Mendez and Herdzik retaliated against him; that Schoellkopf and Selsky violated his due process rights in connection with the disciplinary hearing; and that Zon, Kearney and Kirkpatrick failed to prevent the assault by Kyle, Attea and Mendez.   However, in a Decision and Order dated November 16, 2009, this Court granted the applications of Defendants, Herdzik, Kirkpatrick, Zon, and Kearney to dismiss the failure to protect and retaliation claims.

## DISCUSSION

Plaintiff has filed a motion for appointment of counsel pursuant to 28 U.S.C.A. § 1915(d), which grants district courts the discretion to assign counsel to represent indigents in appropriate cases.  District Courts have broad discretion in the matter. *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).

Denying a request for counsel will constitute an abuse of discretion only if it "would result in fundamental unfairness infringing on due process rights." *McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir.), *cert. denied*, 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1987).  With respect to the appointment of counsel, the court just keep in mind that "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir.1989)2001). In deciding whether to grant an

application for the appointment of counsel

> ... the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir.1997)

Turning first to the merits, the Court considers whether Plaintiff's remaining excessive force and due process claims have substance. In that regard, the Court determines, for purposes of ruling on Plaintiff's application for the appointment of counsel, that the excessive force claim has merit, while the due process claim does not.

However, beyond the merits, Plaintiff, in the case at hand, has exhibited a considerable degree of ability in his filings thus far, and has "demonstrated that he is capable of presenting the facts clearly and drafting pleadings and motions backed by legal research." *Avent v. Solfaro*, 223 F.R.D. 184 (S.D.N.Y. 2004). He has filed a number of motions, including the present Motion to Appoint Counsel, and has submitted coherent responses to Defendant's motions, suggesting that he has adequate knowledge and ability to sustain his claims. Moreover, Plaintiff has commenced *pro se* a proceeding, pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR"),seeking to set aside his disciplinary conviction and sentence, and following an adverse ruling pursued *pro se* an appeal of that determination.[1] Additionally, the issues involved here "do not present novel or overly complex legal issues." *Avent*, 223 F.R.D.

---

[1] On April 9, 2009, DOCS reversed the Tier III convictions at issue in this action, and expunged Plaintiff's record. Consequently, on June 5, 2009, the New York State Supreme Court, Appellate Division Fourth Department, dismissed Plaintiff's Article 78 appeal as moot. *See, Shapard v. Zon*, 63 A.D.3d 1661, 879 N.Y.S.2d 744 (4th Dept. 2009).

184 at 186 (Plaintiff, a prisoner *pro se* in a civil rights suit against prison officials had his denial of counsel affirmed on appeal because of the relative simplicity of the issue, as well as his apparent capability in researching and presenting his case.) Considering all the relevant circumstances, the Court concludes Plaintiff is competent to try the case himself.

## CONCLUSION

Accordingly, it is hereby

ORDERED that Plaintiff's application (Docket No. 21) for appointment of counsel is denied.

SO ORDERED.

Dated: November 19, 2009
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge