UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER SHAPARD,

                Plaintiff,

       -v-

JOHN ATTEA, et al.,

                Defendants.

                               DECISION AND ORDER
                               08-CV-6146 CJS

---

INTRODUCTION

      This is an action pursuant to 42 U.S.C. § 1983 in which Plaintiff, a prison inmate

in the custody of the New York State Department of Corrections and Community

Service ("DOCCS"), is suing four individuals who were employed at Wende Correctional

Facility ("Wende").  Now before the Court is Plaintiff's motion to compel discovery

(Docket No. [#69]), seeking production of all inmate grievances that were filed against

Defendants "relating to uses of force on inmates or to truth and veracity."[1] The

application is denied.

BACKGROUND

      Plaintiff maintains that Corrections Officers John Attea ("Attea"), Edwin Mendez

("Mendez") and Robert Kyle ("Kyle"), and Corrections Lieutenant Al Herdzik ("Herdzik"),

violated his federal constitutional rights by assaulting him and/or filing false and

retaliatory misbehavior reports against him.  Plaintiff commenced the action *pro se*,

suing Attea, Mendez, Kyle, Herdzik and several other defendants.  On January 7, 2010,

---

[1]Pl. Motion to Compel [#69] at p. 1.

the Court issued a Scheduling Order [#32] directing that all discovery be completed by July 30, 2010.  After the completion of discovery, the defendants filed dispositive motions and the Court dismissed several defendants from the action, leaving only Attea, Mendez, Kyle and Herdzik as defendants. (See, Decision and Order [#58]).[2]  At that point, the matter was ready for trial.  On January 9, 2014, the Court granted Plaintiff's request to adjourn the Pretrial Conference to allow him to retain counsel. (Docket No. [#62]).

Subsequently, counsel for Plaintiff appeared in the action, and requested leave to re-open discovery.  On March 24, 2014, counsel for the parties appeared before the undersigned for a pretrial conference.[3]  (See, Transcript of appearance, Docket No. [#67]). With regard to re-opening discovery, Plaintiff sought the following items of discovery: 1) to depose the four defendants; 2) training materials provided to corrections officers concerning use of force against inmates; 3) any video recordings of the alleged assault on May 16, 2005; 4) all statements by the Defendants concerning the matter; and 5) "any disciplinary actions, grievances, or civil or administrative actions relating to the use of force on inmates" or truthfulness. (Docket No. [#67] at p. 7).

The subject motion pertains only to the last of those items, and in particular to inmate grievances[4] filed against Defendants that pertain to either a use of force by the Defendants or their veracity.   More specifically, Plaintiffs seek grievances that were

---

[2]The Court had also previously dismissed the action as to four other defendants. See, Decision and Order [#28].  The Court also later granted a motion to re-institute a retaliation claim against Herdzik.

[3]The Court permitted Plaintiff's counsel to appear by telephone.

[4]In this regard, the Court is referring to grievances that were filed in connection with New York's Inmate Grievance Program. See, generally, 7 NYCRR § 701.5.

2

filed between June 7, 2003 and June 7, 2007, which would include grievances filed up to two years after the alleged assault by Defendants.  At the conference on March 24, 2014, Defendants' counsel argued that producing the grievances would be unduly burdensome.[5]  In that regard, counsel indicated that inmate grievances are cataloged by the name of the inmate filing the grievance, and not by the names of the DOCCS employees who are named in the grievances.  Consequently, Defendants' counsel indicated, it would require searching the grievance files of every inmate at Wende in order to locate grievances against these particular defendants.  Plaintiff does not dispute that the inmate grievances are cataloged in that manner.

Plaintiff nevertheless maintains that he is entitled to any pertinent inmate grievances against Defendants, and  proposes several ways to go about locating them. First, Plaintiff contends that DOCCS staff can search the inmate grievance records and locate any pertinent grievances.  Second, Plaintiff maintains that DOCCS could grant Plaintiff's counsel access to the records, and allow counsel to search through them. Third, Plaintiff indicates that Defendants' counsel could interview his clients and ask them if they have any recollection of inmate grievances being filed against them that involve allegations of use of force or dishonesty.[6]  Plaintiff further maintains that the Court already directed Defendants to produce the grievances, during the March 24, 2014 conference, and that Defendants have violated the Court's order by failing to do so.

---

[5]Defendants' counsel did not object to producing materials in the individual defendants' personnel files relating to prior uses of force or dishonesty.

[6]This last option seems moot since it is the Court's understanding that in the meantime Plaintiff's counsel deposed Defendants.

On July 8, 2014, Plaintiff filed the subject motion to compel pursuant to FRCP 37, purportedly to compel Defendants' counsel "to comply with the Court's March 24, 2014 Order directing Defendants to produce documents concerning Defendants' truth and veracity, prior criminal convictions or other uses of force." (Docket No. [#70] at p. 2).  Plaintiff further complains that while Defendants' counsel has indicated that searching inmate files would be unduly burdensome, he has not provided an "estimate [of] how long the review might take." *Id*.

In response to the motion to compel, Defendants' counsel filed an affirmation indicating that DOCCS has advised him that it keeps inmate grievances "for 4 (four) years plus the current year [and that] therefore Wende Correctional Facility only has grievances from 2010 to 2014."[7]  Defendants therefore maintain that they could not comply with Plaintiff's demand in any event.  Defendants further maintain that they should not be required to produce grievances currently in DOCCS' possession, since they post-date the incident at issue by many years and are therefore not relevant.

Plaintiff filed a reply in which he maintains, *inter alia*, that he is entitled to grievances filed between 2010 and 2014 since they might be admissible and could lead to admissible evidence.  For example, Plaintiff contends that the grievances might show that Defendants engaged in a pattern of harming inmates.

## DISCUSSION

At the outset, a point of contention between the parties is whether the Court directed, at the conference on March 24, 2014, that Defendants produce inmate

---

[7]Levine Declaration [#72] at ¶ 5.

grievances.  Plaintiff's counsel maintains that the Court did, while Defendants' counsel maintains that the Court did not.  Upon reviewing the transcript, the Court concludes that it did not direct Defendants' counsel to produce inmate grievances at that time. The Court indicated, rather, that Plaintiff was entitled to discover information in the Defendants' own personnel files relating to past uses of force or dishonesty.  Although Plaintiff's counsel referred to "grievances"[8] during the conversation, there was no substantive argument or discussion as to inmate grievances in particular, and the Court did not intend to, nor did it, direct Defendants to produce inmate grievances.

In any event, even assuming that the Court had done so, it is clear that such a direction would have been contrary to the clear trend within this Circuit, which is to deny production of inmate grievances under these circumstances, on the ground that it would be unduly burdensome due to the fact that they are cataloged by inmate and not by DOCCS staff. *See, Willey v. Kirkpatrick*, No. 07–CV–6484CJS, 2011 WL 4368692 at *5 (W.D.N.Y. Sep. 19, 2011) ("As this Court has previously held, the burden of searching all inmates' files for grievances against specific defendants is unduly burdensome."); *see also*, *Dorsey v. New York*, No. 10–CV–744F, 2011 WL 4529115 at *1 (W.D.N.Y. Sep. 28, 2011) ("It has been repeatedly held by this court that because inmate grievances and complaints filed against DOCS employees are filed according to the inmates making the grievances or complaints, the search required to identify the DOCS employees against whom such grievances or complaints are made would be unduly burdensome and time-consuming, and that such burden would outweigh any benefits

---

[8]*See*, Transcript [#67] at p. 19.

provided by the requested discovery.").

As for Plaintiff's alternative suggestion that his attorneys be allowed to sift through all of the inmate grievances at Wende, that request is denied.  Permitting an inmate's attorney or his or her staff to access those records would raise serious issues of security and confidentiality, especially considering that many inmate grievances pertain to confidential medical issues.

Apart from that, the only grievances that could be produced in any event were filed beginning in 2010, which is five years after the alleged constitutional violations in this action.  Defendants maintain that they should not have to produce any grievances that post-date the incident at issue since they would not be relevant.[9]  To the extent that Defendants suggest that Rule of Evidence 404(b) only pertains to *prior* bad acts, or that post-incident bad acts are *per se* irrelevant, the Court disagrees. *See, e.g.*, 2 *Weinstein's Fed. Evid.* § 404.20[2][a] (2014) ("It does not matter whether the proffered act occurred before or after the . . . conduct at issue in the present suit, as long as relevancy is shown.").  Defendants have not offered any further explanation as to why they believe that post-incident grievances would be irrelevant in this action.[10]  Consequently, Defendants' argument as to relevance lacks merit.  Nevertheless, the Court is denying the motion to compel on the grounds that the discovery being sought is

---

[9]Levine Decl. ¶ 7.

[10]*See*, Levine Decl. ¶ 7.  Defendants merely cite cases in which other courts found on particular facts that post-incident acts were not relevant, but do not explain why that would also be true in this action. For example, Defendants cite *Lionkingzulu v. Jayne*, No. 12–CV–00845(A)(M), 2013 WL 6628234 at *2 (W.D.N.Y. Dec. 16, 2013), in which the court merely indicated that the plaintiff had "offer[ed] no explanation" as to the relevance of the post-incident complaints, but did not indicate that all post-incident complaints are necessarily irrelevant.

unduly burdensome, as discussed above.

CONCLUSION

Plaintiff's motion to compel [#69] is denied.

SO ORDERED.

Dated:          September 5, 2014
                Rochester, New York

                                            /s/ Charles J. Siragusa
                                            CHARLES J. SIRAGUSA
                                            United States District Judge