UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTOPHER SHAPARD,
                                  Plaintiff,

                                     DECISION AND ORDER
      -v-                                    08-CV-6146 CJS

JOHN ATTEA, et al.,
                                  Defendants.

_____

INTRODUCTION

      This is an action pursuant to 42 U.S.C. § 1983 in which Plaintiff, a prison inmate in the custody of the New York State Department of Corrections and Community Service ("DOCCS"), is suing three corrections officers and a corrections lieutenant who were employed at Wende Correctional Facility ("Wende"). Now before the Court is Plaintiff's motion to re-open discovery (Docket No. [#79]). The application is granted.

BACKGROUND

      Plaintiff maintains that Corrections Officer John Attea ("Attea"), Corrections Officer Edwin Mendez ("Mendez"), Corrections Officer Robert Kyle ("Kyle"), and Corrections Lieutenant Al Herdzik ("Herdzik"), violated his federal constitutional rights by assaulting him and/or filing false and retaliatory misbehavior reports against him. Proceeding *pro se* while incarcerated, Plaintiff commenced the action, suing Attea, Mendez, Kyle, Herdzik and several other defendants. On January 7, 2010, the Court issued a Scheduling Order [#32] directing that all discovery be completed by July 30, 2010. After the completion of discovery, Defendants filed dispositive motions and the

1

Court dismissed several persons from the action, leaving only Attea, Mendez, Kyle and Herdzik as defendants. (See, Decision and Order [#58]).[1] At that point, the matter was ready for trial. On January 9, 2014, the Court granted the *pro se* Plaintiff's request to adjourn the Pretrial Conference to allow him to retain counsel. (Docket No. [#62]).

Subsequently, counsel for Plaintiff appeared in the action, and requested leave to re-open discovery, with such discovery to include depositions of Defendants, whom Plaintiff had not previously deposed. With some exceptions not relevant here, the Court allowed such discovery. *See*, Docket No. [#75] (denying Plaintiff's motion to compel).

Following the completion of such discovery, Plaintiff filed the subject motion [#79] to further re-open discovery with regard to expert discovery. Specifically, Plaintiff requests the opportunity to retain two experts – a medical expert and an expert on the use of force in the prison setting. Plaintiff indicates that he needs a medical expert to opine whether his injuries are consistent with the type and amount of force (3 baton strikes) that Defendants maintain they used. Plaintiff further indicates that a use-of-force expert is necessary to opine about the "force [that is] typically used by correctional officers in certain circumstances," since Defendants have offered divergent statements on that point.[2] Plaintiff contends that it did not become apparent that he needed to retain such experts until after Defendants' depositions were completed. Plaintiff further

---

[1] The Court had also previously dismissed the action as to four other defendants. *See*, Decision and Order [#28]. The Court also later granted a motion to re-institute a retaliation claim against Herdzik.

[2] Defendants state that "the use of force expert's testimony [is needed] to assist the jury in better understanding what the generally accepted practices are relating to use of force in a correctional setting." Def. Reply Memo [#84] at p. 7.

contends that the Court should grant his application, because trial has not been scheduled, and because Defendants will not be prejudiced by the additional discovery.

Defendants oppose the application. Defendants first contend that Plaintiff has not shown good cause for the request and has not been diligent in pursing discovery. Defendants further contend that they will be prejudiced if the Court grants the application, since "the trial would be delayed for at least a year," after factoring in the time needed for each side to retain their experts, prepare reports and conduct depositions. Defendants also state that the additional discovery will be expensive. Defendants further contend that the requested discovery should be denied since it is not likely to lead to relevant evidence. Defendants' argument on this last point is twofold: First, they contend that the experts are not needed, since jurors are capable of drawing their own conclusions about Plaintiff's alleged injuries and the reasonableness of the force that was used; and second, they contend that a use-of-force expert may attempt to usurp the Court's role in instructing jurors as to the appropriate legal standard.

DISCUSSION

The parties agree as to the applicable standard to be applied to Plaintiff's application:

> The decision to re-open discovery is within a district court's discretion. As a general rule, discovery should only be re-opened for good cause, depending on the diligence of the moving party. Courts also consider the following factors: 1) the imminence of trial; 2) whether the request is opposed; 3) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; 4) prejudice to the non-moving party; and 5) whether further discovery is likely to lead

to relevant evidence.

*Krawec v. Kiewit Constructors Inc.*, No. 11 Civ. 0123(LAP), 2013 WL 1104414 at *8 (S.D.N.Y. Mar. 1, 2013) (citations omitted).

The Court finds that an application of these factors warrants re-opening discovery. First and most importantly, the Court believes that since coming into the case to represent the inmate Plaintiff, Plaintiff's counsel have diligently pursued discovery. Moreover, as to the additional enumerated factors, the Court finds as follows: 1) trial is not imminent; 2) the request is opposed; 3) Plaintiff's counsel did not foresee the need to conduct expert discovery until after Defendants' depositions were completed; 4) Defendants will not be prejudiced, most notably because the Court expects that the additional discovery will be completed expeditiously; and 5) further discovery is likely to lead to relevant evidence, as described by Plaintiff.

## CONCLUSION

Plaintiff's motion to reopen discovery [#79] is granted. Counsel for the parties are directed to confer regarding a schedule for the completion of expert discovery, and Plaintiff's counsel is directed, within ten (10) days of the date of this Decision and Order, to submit a proposed scheduling order.

SO ORDERED.

Dated:     Rochester, New York
           March 2, 2015

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge